Below is an Opinion of the Court.

_____
ELIZABETH PERRIS
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In Re:                                 )
                                      ) Bankruptcy Case No.
JACK F. LANE and MARILYN K.           ) 12-36873-elp7
LANE,                                 )
                                      ) MEMORANDUM OPINION
                     Debtors.         )
_____)

    This matter came before the court on debtors Jack F. Lane and Marilyn K. Lane's motion, filed on their behalf by Donna M. Hines pursuant to a power of attorney, to have Hines appointed as "next friend" for debtors as provided by Fed. R. Bankr. P. 1004.1. The United States Trustee ("UST") objected. The court held a hearing on October 9, 2012, at which time the UST raised concerns about the potential for abuse in the "next friend" process.

    Fed. R. Bankr. P. 1004.1 allows "a representative, including a general guardian, committee, conservator, or similar fiduciary," to file a voluntary petition on behalf of an incompetent person. The rule further provides that

    [a]n infant or incompetent person who does not have a duly appointed

Page 1 -   MEMORANDUM OPINION

> representative may file a voluntary petition by next friend or guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person who is a debtor and is not otherwise represented or shall make any other order to protect the infant or incompetent debtor.

Rule 1004.1 is patterned after Fed. R. Civ. P. 17(c), which applies to adversary proceedings pursuant to Fed. R. Bankr. P. 7017. That rule provides that an incompetent person may sue "by a next friend or by a guardian ad litem" if the incompetent person does not have a duly appointed representative, and provides that "[t]he court must appoint a guardian ad litem -- or issue another appropriate order -- to protect a minor or incompetent person who is unrepresented in an action."

Case law regarding the appointment of a next friend is of limited utility in establishing the procedure and the legal standard to apply. I conclude that a next friend may be appointed if the debtor is financially incapable (a standard drawn from Oregon's conservatorship statute, ORS 125.400), the movant knows about the debtor's financial situation, and is dedicated to the debtor's best interests.

The court shares the concerns raised by the UST about the potential for abuse that exists with regard to motions to appoint a next friend under Fed. R. Bankr. P. 1004.1. Therefore, any future motion to appoint a next friend must comply with the following procedure and make a showing that the debtor(s) are financially incapable, and that the person seeking appointment knows the debtor(s)' financial situation and is dedicated to the debtor(s)' best interests.

First, any petition filed by a next friend must be accompanied by a motion to be appointed as next friend.

Second, the motion to be appointed as next friend must be

Page 2 - MEMORANDUM OPINION

accompanied by the following documents:

1. A copy of the power of attorney giving the movant authority to act for the debtor(s), if any.

2. A declaration from the person seeking to be appointed as "next friend" providing the following information:

    A. the movant's name and relationship to the debtor(s);

    B. whether the debtor(s) have a duly appointed representative under state law;

    C. the reason why appointment of a next friend is necessary;

    D. an explanation of why appointment of the movant as next friend would be in the debtor(s)' best interest;

    E. the fee, if any, the next friend will charge the debtor;

    F. the movant's criminal, financial, and professional history;

    G. the movant's competence to handle the debtor(s)' financial affairs, including the movant's knowledge about the debtor(s)' financial affairs;

    H. whether the movant has any interest, either current or potential, in the debtor(s)' financial affairs; and

    I. whether any of the debtor(s)' debts were incurred for the benefit of the proposed next friend.

3. A letter from the debtor(s)' physician(s) regarding the debtor(s)' ability to conduct their own financial affairs.

4. A letter from the debtor(s)' care giver, if any, regarding the debtor(s)' ability to conduct their own financial affairs.

Third, the movant must give notice of the motion to be appointed as

Page 3 - MEMORANDUM OPINION

next friend to:

1. all creditors;

2. the United States Trustee;

3. any governmental entity from which the debtor is receiving any funds; and

4. the debtor(s)' closest relative, if known.

Fourth, the court will hold a hearing on the motion to be appointed as next friend, which shall occur before the 341(a) meeting, if possible. The person requesting to be appointed as next friend shall appear and testify at the hearing, either in person or telephonically.

The fact that the person seeking appointment as next friend is the debtor(s)' spouse or other close relative who might have an interest in the debtor(s)' financial affairs will not necessarily be a basis for denying the request.

CONCLUSION

The court will apply these procedures to all future motions to appoint a next friend to file a bankruptcy petition for a debtor. Failure to follow these procedures may result in denial of the motion to appoint a next friend and dismissal of the bankruptcy case.

###

cc: Paul B. Heatherman
M. Vivienne Popperl

Page 4 - MEMORANDUM OPINION